THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-00049-FL-2
No. 4:13-CV-00183-FL

| | |
|---|---|
| DEVONTRA TYSON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This matter comes before the court on the government's motion to dismiss [DE-154] Petitioner Devontra Tyson's ("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-149]. Petitioner filed a response in opposition to the government's motion [DE-159], and the motions are now ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On December 15, 2010, Petitioner pled guilty pursuant to a written plea agreement to a two-count indictment [DE-1] charging him with attempted robbery of a business in interstate commerce and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2 ("Count 1"), and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, and possession of the firearm in furtherance of said crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 ("Count 2"). [DE-59]. As part of the plea agreement, Petitioner agreed, *inter alia*, to

> waive knowingly and expressly the right to appeal whatever sentence is imposed on

any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-62] ¶ 2.c. On March 18, 2011, the district court sentenced Petitioner to 37 months' imprisonment on Count 1 and 120 months' imprisonment on Count 2, to run consecutively, producing a total term of imprisonment of 157 months and five years of supervised release. Judgment [DE-94]. Petitioner did not appeal his conviction or sentence.

On August 2, 2013, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pet'r's § 2255 Mot. [DE-149]. Petitioner contends that the Supreme Court's decision in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013) invalidated his conviction and sentence because he was "was erroneously enhanced for discharging the firearm which increased [his] mandatory minimum to 10 years." *Id.* at 4-5. Specifically, Petitioner argues that the fact of whether he discharged the firearm during the robbery should have been "charged in the indictment and[/]or submitted to the jury" because it resulted in a ten-year mandatory minimum sentence and he did not admit the conduct. *Id.*; Pet'r's Resp. [DE-159] at 1-2.

The government contends that (1) Petitioner's motion is untimely pursuant to 18 U.S.C. § 2255(f)(1), and *Alleyne* does not apply retroactively to extend the limitations period pursuant to 18 U.S.C. § 2255(f)(3); (2) Petitioner's claims are barred by the waiver contained in his plea agreement; and (3) even assuming the motion is timely and the claim was not waived, *Alleyne* does not apply because Petitioner admitted to the offense conduct that triggered the statutory minimum sentence. Gov't's Mem. [DE-155] at 1-8. In Petitioner's response in opposition to the government's motion,

he asserts that the one-year statute of limitations does not bar his claim because he "is actually innocent of the mandatory minimum that he was subjected to erroneously at sentencing." Pet'r's Resp. at 1.

## II. LEGAL STANDARDS

### A.     28 U.S.C. § 2255

After conviction and exhaustion, or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

3

**B.     Rule 12(b)(6)**

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255 proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); *see* Habeas Rule 4(b), ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

### III. DISCUSSION

**A.     Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject

to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's § 2255 motion was not filed within one year of any of the circumstances set forth in § 2255(f). Petitioner filed his § 2255 motion on August 2, 2013, more than twenty-eight months after his judgment became final in April 2011. [DE-94, -149]. Consequently, his motion is not timely under 28 U.S.C. § 2255(f)(1). Additionally, there is no allegation that the government impeded Petitioner's ability to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(2). Nor is Petitioner's motion based upon a newly recognized right made retroactively applicable by the Supreme Court. *See* 18 U.S.C. § 2255(f)(3); *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012). To the extent Petitioner is relying on the Supreme Court's decision in *Alleyne* to argue his § 2255 motion is timely, his position has been rejected by this court, which has previously recognized that "*Alleyne* is not retroactively applicable to cases on collateral review." *Perdono v. Taylor*, No. 5:12-HC-2304-FL, 2014 WL 773555, at *2 n.3 (E.D.N.C. Feb. 25, 2014) (citing *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)); *see also United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. Sept. 24, 2013) (unpublished op.) (noting that "*Alleyne* has not been

5

made retroactively applicable to cases on collateral review."). Thus, because *Alleyne* has not been made retroactively applicable, Petitioner's § 2255 motion is not timely under § 2255(f)(3).

Finally, Petitioner's claim is not timely due to newly discovered facts. For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (holding that vacatur of petitioner's state conviction was a "fact" supporting his § 2255 challenge for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying conviction is not a "new fact" for purposes of triggering § 2255(f)(4). *Walton v. United States*, No. 2:07-CR-017-F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (unpublished op.) (citing *Thaggard v. United States*, No. 4:02-CR-41-H, 2013 WL 81380, at *2 (E.D.N.C. Jan. 7, 2013); *Dailey v. United States*, No. 7:06-CR-36-BO, 2012 WL 5471156, at *1 (E.D.N.C. Nov. 9, 2012); *United States v. Hardison*, No. 4:08-CR-77-FL-2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011)). Therefore, because *Alleyne* has no bearing on Petitioner's underlying convictions, it does not constitute a new fact rendering Petitioner's claim timely under § 2255(f)(4).

Petitioner's claim was not filed within one year of any of the circumstances described in § 2255(f) and is therefore untimely and should be dismissed.

**B.    Appeal Waiver**

As an alternative ground for dismissal of Petitioner's claims, the government contends that the plea waiver in Petitioner's plea agreement bars his claims. A criminal defendant may waive his right to appeal or collaterally attack his conviction and sentence. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Appeal waivers are valid and enforceable where they are knowingly and voluntarily made. *Id.* However, such waivers are not without limits. "For example, a defendant [can]

not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *United States v. Marin,* 961 F.2d 493, 496 (4th Cir. 1992). Errors that could not have been reasonably contemplated at the time of plea fall outside the scope of a plea waiver. *United States v. Blick,* 408 F.3d 162, 171-72 (4th Cir. 2005). Moreover, courts typically "'refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice.'" *United States v. Johnson,* 410 F.3d 137, 151 (4th Cir. 2005) (quoting *United States v. Andis,* 333 F.3d 886, 891 (8th Cir. 2003)).

Petitioner does not contest the knowing and voluntary nature of his plea agreement. Therefore, the relevant inquiry here is whether Petitioner's *Alleyne* claims fall within the scope of the waiver. Petitioner's waiver bars him from appealing "whatever sentence is imposed on any ground . . . reserving only the right to appeal from a sentence in excess of the advisory Guideline range . . . [and the] right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Plea Agreement ¶ 2.c. The Fourth Circuit has recently held that an *Alleyne* claim fell within the scope of an appeal waiver that was materially indistinguishable from the waiver in Petitioner's plea agreement. *See United States v. Archie,* — F.3d —, 2014 WL 6120718, at *4 (4th Cir. Nov. 17, 2014) (holding that appeal of defendant's sentence based on *Alleyne* fell within the scope of the appeal waiver). The Fourth Circuit reasoned that a plea agreement "allocates risk" and that "'the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompan[ies] a guilty plea.'" *Id.* (quoting *United States v. Sahlin,* 399 F.3d 27, 31 (1st Cir. 2005)). While the court acknowledged that an appeal waiver does not prohibit the challenge of certain "'narrowly-construed errors,'" it refused to extend these few exceptions to include *Alleyne,* concluding "we have never permitted a

7

criminal defendant to avoid a valid and applicable appeal waiver by claiming error based on a subsequent change in the law." *Id.* (citation omitted). Consequently, the *Alleyne* claims raised by Petitioner unquestionably fall within the scope of the appeal waiver and should be dismissed.

## C.   *Alleyne* Claim Fails on the Merits

Finally, even assuming *arguendo* that Petitioner's *Alleyne* claim is not untimely and has not been waived, the claim fails on the merits. In *Alleyne*, "the Supreme Court held that any fact that increases the mandatory minimum [sentence] is an element of the offense that must be admitted by the defendant or proved beyond a reasonable doubt." *Jones v. United States*, No. 5:09-CR-259-FL-2, 2013 WL 5937446, at *2 (E.D.N.C. Nov. 4, 2013) (quoting *Alleyne*, 133 S. Ct. at 2155) (internal quotation marks omitted). In this case, Petitioner argues that under *Alleyne* the fact of whether he discharged a firearm during the robbery should have been charged in the indictment or submitted to the jury because it resulted in a ten-year mandatory minimum sentence and he did not admit the conduct. However, the record belies Petitioner's assertion that he did not admit to discharging the firearm.

Petitioner's plea agreement provides in relevant part:

3. The Defendant understands, agrees, and admits:

    a. That as to each Count of the Indictment to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

. . . .

<u>Count Two</u>

(1) Use, Carrying, or Possession of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting

. . . .

8

> (5) Minimum term imprisonment: 10 years consecutive to any other sentence imposed as to Count One (firearm discharged during crime).

Plea Agreement at 5. Petitioner admitted in the plea agreement that a 10-year minimum term of imprisonment would apply based on the discharge of a firearm during the crime. This distinguishes the instant case from the case of *United States v. Mubdi*, cited by Petitioner, where the defendant did not admit the drug quantity that triggered a mandatory minimum, but rather that fact was determined by the judge. 539 F. App'x 75, 2013 WL 4517026, at **1-2 (4th Cir. Feb. 5, 2014) (unpublished op.). Therefore, because Petitioner admitted the conduct in his Plea Agreement and it was not a fact impermissibly found by a judge, *Alleyne* is inapplicable.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the government's motion to dismiss [DE-154] be ALLOWED and Petitioner's § 2255 petition [DE-149] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 22 day of November 2014.

Robert B. Jones, Jr.
United States Magistrate Judge