IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-49-FL-2
No. 4:13-CV-183-FL

| | | |
|---|---|---|
| DEVONTRA TYSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (DE 149). The government filed a motion to dismiss (DE 154), and petitioner responded. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation (M&R) wherein it is recommended that the court dismiss petitioner's motion to vacate. (DE 169). Petitioner filed objections to the M&R. In this posture, the issues rased are ripe for ruling. For the reasons stated below, this matter will be dismissed.

**BACKGROUND**

Petitioner pleaded guilty to attempted robbery of a business in interstate commerce and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 ("Count 1"); and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A) and 2 ("Count 2"). On March 18, 2011, the court sentenced petitioner to a term of imprisonment of 37 months as to Count 1 and 120 months as to Count 2, to be served consecutively, producing a total term of 157 months. Petitioner did not appeal. On August 2, 2013, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his mandatory

minimum sentence of 10 years was erroneous in light of <u>Alleyne v. United States</u>, 113 S. Ct. 2151 (2013). The government contends that petitioner's motion is barred by the waiver in his plea agreement, that it is untimely, and that the claim is without merit.

## DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. <u>See</u> <u>United States v. Stewart</u>, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (stating that <u>Alleyne</u> is not retroactively applicable to cases on collateral review). And, no new facts supporting the claims have been discovered.

2

Petitioner suggests, nonetheless, that he is actually innocent of the mandatory minimum sentence in this case as a basis for excusing his untimeliness. Accepting petitioner's suggestion, however, would render the limitations rule in (f)(3) meaningless. In addition, no miscarriage of justice has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent alleged enhancement. See United States v. Foote, ___ F.3d ___, No. 13-7841, 2015 WL 1883538, at *11 (4th Cir. 2015) ("The language of § 2255(a) demonstrates that collateral review is available for defects of a constitutional magnitude and other defects that are equally fundamental, such as sentences issued "in excess of the maximum authorized by law."); Powell, 691 F.3d 554, 563 n. 2 (4th Cir. 2012) (King, J. dissenting in part and concurring in the judgment in part).

Accordingly, the court must dismiss petitioner's motion as untimely.

B. Plea Waiver

The government also argues that petitioner's § 2255 motion is barred by the waiver in his plea agreement. The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and

3

in a post-conviction proceeding.  Id. at 525 & 529; United States v. Archie, 771 F.3d 217, 223 (4th

Cir. 2014) (finding Alleyne clam barred by waiver in plea agreement).

Petitioner does not contend that his waiver was invalid due to any defect in the Rule 11

colloquy.  Rather, he suggests his claim falls outside of the scope of the plea waiver because his

allegedly improper sentence constitutes a miscarriage of justice. Both arguments are foreclosed by

Copeland, where the court confirmed that a defendant "cannot invalidate his appeal waiver now to

claim the benefit of subsequently issued case law," and that an  "illegal" sentence permitting an

appeal waiver must be a "sentence imposed in excess of the maximum penalty provided by statute."

707 F.3d at 529 & 530; see also Archie, 771 F.3d at 223 (applying plea waiver despite government's

concession of merit of claim under Alleyne).

In any event, petitioner's contention that his sentence was erroneously enhanced under

Alleyne is without merit.  Petitioner claims, for example, that he was sentenced erroneously to a

mandatory minimum 10 years based upon 18 U.S.C. § 924(c)(1)(A)(iii) (providing 10 year minimum

sentence "if the firearm is discharged"), even though he never admitted to discharging a firearm.

Under his plea agreement, however, petitioner admitted to charges and penalties including a

"[m]inimum term of imprisonment: 10 years consecutive to any other sentence imposed as to Count

One (firearm discharged during crime)." (Plea Agreement (DE 62), p. 5).

Further, Rosemond v. United States, 134 S. Ct. 1240, 1249 (2014), cited by petitioner in his

objections, is inapposite both to the issue of timeliness and waiver on collateral review, as well as

the issue of discharge of a firearm, because it involved the direct appeal of a conviction where the

government did not prove at trial that the defendant knew an accomplice would use or carry a

firearm in any respect.  See id. at (recognizing that for a violation of § 924(c), an accused

accomplice must have, at a minimum, "'foreknowledge' of a gun's presence").

4

In sum, the court must dismiss petitioner's <u>Alleyne</u> claim as barred by the waiver in his plea agreement.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge (DE 169), GRANTS the government's motion to dismiss (DE 154), and DISMISSES petitioner's motion to vacate (DE 149). A certificate of appealability is DENIED.

SO ORDERED, this 12th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

5